IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown, : 
            Petitioner : 
             : 
       v. : No. 1046 C.D. 2017
        : Submitted: May 25, 2018
Pennsylvania Department of State, : 
            Respondent : 


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H.WOJCIK, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                   FILED: June 25, 2018


Alton D. Brown (Brown) petitions for review the Office of Open Records' (OOR) denial of his appeal from the Department of State's (Department) redaction of the city, state and zip code information of nine individuals' residences Brown sought in a Right-to-Know Law (RTKL)[1] request. The Department redacted this information under Section 708(b)(1)(ii) of the RTKL, which exempts access to any record that "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual." 65 P.S. § 67.708(b)(1)(ii). For the following reasons, we affirm.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 – 67.3104.

## I.

Brown, an inmate at the State Correctional Institution at Greene (SCI-Greene), submitted a request to the Department's Agency Open Records Officer (AORO) seeking "license information, <u>area</u> of resident (city, county, etc.), and disciplinary history" for nine different health care professionals. (Record (R.) Item No. 1, Appeal to OOR, Exhibit A.) (Emphasis in original.) The Department's AORO provided license verifications for the individuals listed and responded that none of the individuals had a disciplinary history to provide. However, the AORO redacted each individual's city, state and zip code information for their residences under the personal security exemption set forth in Section 708(b)(1)(ii) of the RTKL, 65 P.S. § 67.708(b)(1)(ii).

Brown appealed to the OOR asserting that the Department's use of the personal security exemption was not applicable because he did not request the entire personal address of the individuals, but merely asked for the areas in which they lived. The Department responded with a declaration by Scott Bowman (Bowman), the Department of Corrections' (DOC) Chief of Security, stating that:

> [T]he medical staff is subject to retaliation and harassment from inmates because they are responsible for providing and treating their medical needs, which often inmates disagree with the opinions of the medical staff.
>
> This retaliation takes the form of threats, harassment, or physical harm, or the filing of fraudulent liens or other financially damaging documents.
>
> I have personal knowledge of instances of real harm done to employees' physical person or finances, or to the person or finances of those individuals closest to the employee, as

2

a result of dissemination of information such as what has been requested here.

Unfortunately, incidents of physical and sexual threats and assaults against all levels of staff occur periodically, both against staff inside and outside of the actual prison facilities.

\*\*\*

By disclosing the city, state, and zip code of current and former medical staff to an inmate transfers the threats they face on a daily basis at the Institution to their homes.

(R. Item No. 3, Department's Response to RTKL Appeal, Exhibit A, Declaration of Scott Bowman, pp. 2-4.) Bowman also provided specific instances of non-uniformed personnel being attacked or threatened by inmates at their homes.

The OOR denied Brown's appeal, concluding that the Department established that releasing any portion of the home addresses of these individuals would be reasonably likely to result in substantial and demonstrable risk of physical harm to or the personal safety of the individuals because medical staff either have or have had regular interaction with prisoners and were, therefore, at a heightened risk of harm. This appeal followed.[2]

---

[2] In reviewing a final determination by the OOR, this court's standard of review is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

3

**II.**

Under the RTKL, records in the possession of an agency are presumed to be public unless they are: (1) exempted by Section 708 of the RTKL; (2) protected by privilege; or (3) exempted "under any other Federal or state law or regulation or judicial order or decree." *Carey v. Pennsylvania Department of Corrections*, 61 A.3d 367, 371-72 (Pa. Cmwlth. 2013). The burden of proving that a record of a Commonwealth agency or local agency is exempt from public access is upon the agency receiving the request by a preponderance of the evidence. Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1).

Section 708(b)(1)(ii) of the RTKL exempts records from public access that "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual." 65 P.S. § 67.708(b)(1)(ii). While "substantial and demonstrable" are not defined in the RTKL, this Court has interpreted this language to mean "actual or real and apparent." *See Governor's Office of Administration v. Purcell*, 35 A.3d 811 (Pa. Cmwlth. 2011). Mere conjecture will not suffice. *Lutz v. City of Philadelphia*, 6 A.3d 669, 676 (Pa. Cmwlth. 2010).

Our Supreme Court has recognized that the home addresses of individuals are subject to the personal security exemption under Section 708(b)(1)(ii) of the RTKL. *See Pennsylvania State Education Association v. Department of Community and Economic Development*, 148 A.3d 142 (Pa. 2016). Additionally, the right to informational privacy is further guaranteed by Article 1,

Section 1 of the Pennsylvania Constitution and may not be violated unless outweighed by a public interest favoring disclosure. *Id.* at 158.

Personal security issues are of particular concern for those working in prisons or with inmates. *Carey*, 61 A.3d at 374. "Given the heightened risk associated with prisons, representations regarding perceived threats to individual DOC personnel posed by inmates are persuasive." *Id.* In *Carey*, this Court affirmed the DOC's denial of a RTKL request seeking the identities of staff who approved or authorized the transfer of inmates. The DOC noted in its affidavit that many inmates, including the requester, did not wish to be transferred, and that inmates may retaliate against DOC staff who nominated them for a transfer. *Id.* at 374.

In non-prison settings, we have found that even if a public employee's county of residence is a component of a home address, it is not necessarily exempted under the personal security exemption because it is not the same as a full home address. *Governor's Office of Administration v. Pennsylvanians for Union Reform, Inc.*, 105 A.3d 61 (Pa. Cmwlth. 2014). However, we have noted that there may be situations in which an exemption could preclude revealing an employee's county of residence so long as it was based upon the conclusion that disclosing the county of residence would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual. *Id.* at 70.

In this case, Brown is seeking information relating to the city and zip code components of various medical personnel's residences, which is much more specific than merely seeking the county of residence. Bowman's declaration stated,

5

"[T]he medical staff is subject to retaliation and harassment from inmates because they are responsible for providing and treating their medical needs, which often inmates disagree with the opinions of the medical staff." (R. Item No. 3, Department's Response to RTKL Appeal, Exhibit A, Declaration of Scott Bowman, p. 2.) Although Section 708(b)(1)(ii) of the RTKL requires the harm to be actual, real and apparent for information to be excluded, this Court recognizes that there is a heightened concern for individuals working in a prison setting. As in *Carey*, we find that the possibility of retaliation against DOC staff is a sufficient basis for the Department to exempt information that is likely to identify the residence of medical personnel who work in prisons.

For the foregoing reasons, we affirm.

_____
DAN PELLEGRINI, Senior Judge

Judge Fizzano Cannon did not participate in the decision of this case.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown, : 
          Petitioner : 
           : 
        v. : No. 1046 C.D. 2017
           : 
Pennsylvania Department of State, : 
          Respondent : 

# **O R D E R**

AND NOW, this 25th day of June, 2018, the Office of Open Records' Final Determination, dated June 26, 2017, is affirmed.

_____
DAN PELLEGRINI, Senior Judge