IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Department of Health, :
     Petitioner :
         :
    v.    :
         :
Wallace McKelvey and PennLive, : No. 1372 C.D. 2017
     Respondents : Submitted: June 22, 2018


BEFORE: HONORABLE ROBERT SIMPSON, Judge
    HONORABLE CHRISTINE FIZZANO CANNON, Judge
    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON   FILED: September 27, 2018


   The Pennsylvania Department of Health (Department) petitions for review of the August 31, 2017 Final Determination of the Office of Open Records (OOR) granting the request of Wallace McKelvey, a reporter for PennLive, (Requester) and ordering the Department to provide all responsive records within 30 days. We affirm.

   On May 9, 2017, Requester submitted a request to the Department pursuant to the Right-to-Know Law (RTKL)[1] seeking "[t]he names, job titles and departments of the panel that is reviewing and scoring applications for grower/processor and dispensary permits under the medical marijuana program[]" (Request). Reproduced Record (R.R.) at 1a; *see also* R.R. at 5a; Final Determination

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

at 1, R.R. at 36a. The Department denied the Request, stating that the requested information is exempt from disclosure under Pennsylvania regulations governing the medical marijuana program. Requester appealed to the OOR. The OOR invited the parties to supplement the record and directed the Department to notify third parties of their ability to participate in the appeal. Final Determination at 2, R.R. at 37a. The Department responded, reiterating its position that the information was exempt from disclosure under its regulations, and arguing that the information was also exempt because disclosure would threaten the personal security of the panel members.[2] *See id.*; R.R. at 16a-20a. The Department also submitted the affidavit of John Collins (Collins), Director of the Office of Medical Marijuana. R.R. at 24a-25a. Subsequently, the OOR requested a supplemental affidavit from the Department to address whether all applications are reviewed by all panel members of a single review panel. R.R. at 28a; *see* Final Determination at 2, R.R. at 37a. The Department replied, stating that it could not directly address the roles of individual reviewers, but it offered a supplemental affidavit from Collins (Affidavit) in an attempt to provide responsive information. R.R. at 28a; *see* Final Determination at 2, R.R. at 37a.

After review, the OOR rejected the Department's argument that the requested information was exempt under the Department's regulation, 28 Pa. Code § 1141.35(c), which at the relevant time provided, "[t]he applicant may not obtain the names or any other information relating to persons reviewing applications, including a reviewer's individual application reviews." *See* Final Determination at 4-6. The OOR noted that the Medical Marijuana Act (Act)[3] and its implementing

---

[2] The Department is permitted to assert additional grounds for denial on appeal before the OOR. *See Levy v. Senate of Pa.*, 65 A.3d 361, 383 (Pa. 2013).

[3] Act of April 17, 2017, P.L. 84, 35 P.S. §§ 10231.101 – 10231.2110.

2

regulations make certain information expressly confidential, and that the regulation on which the Department relies is not contained within any confidentiality provision, but, rather, is contained within a section addressing the denial of permits under the Act. *Id.* The OOR concluded that the regulation's express terms make application reviewer information confidential only with respect to: (i) an applicant for a permit; and (ii) applicants whose applications have been denied. *Id.* at 5.

The OOR recognized that an interpretation which prohibits only denied applicants from obtaining application reviewer information, but allows other members of the public to obtain such information, could produce an absurd result because a denied applicant could easily obtain such information through a third party. *Id.* The OOR reasoned, however, that if not all panel members are responsible for reviewing all applications, it is possible to reconcile Section 1141.35(c) with the confidentiality provisions found in Section 1141.22 of the Department's regulations, 28 Pa. Code § 1141.22, which do not make review panel information confidential. In particular, an applicant might be able to determine panel members but would not be aware of the individual panel members who denied an application. The OOR noted that the Department refused to answer the OOR's questions concerning whether the entire panel of reviewers or a subset of the panel reviewed each application, and therefore, the OOR inferred that not all panel members review each application. Final Determination at 5-6.

The OOR also rejected the Department's argument that disclosure of the information would threaten personal security. *Id.* at 6. The OOR noted that the Department's only evidence in support of this exemption was Collins' Affidavit and concluded that it was too conclusory and speculative to support the claimed exemption. *Id.*

3

Accordingly, the OOR ordered the Department to provide all responsive records to Requester within 30 days. The Department now petitions this Court for review of the OOR's Final Determination.[4]

With respect to the regulation under which the Department claims the records are exempt, 28 Pa. Code § 1141.35(c), we note that after the Department filed its appeal with this Court and both parties briefed the matter, the Department issued amended temporary regulations amending, among other things, Chapter 1141 of Title 28 of the Pennsylvania Code, which includes the regulation at issue.[5] *See* 48 Pa.B. 2767 (May 12, 2018).

This Court issued an order on May 17, 2018, directing the parties to file supplemental briefs "addressing the effect, if any, of the amended temporary regulations" on the pending matter, and the parties complied. In its supplemental brief, the Department argues that the changes in its temporary regulations have no impact on this case, one of the reasons being that the regulations were amended subsequent to Requester's Request and the amended regulatory section was not

---

[4] In reviewing a final determination of the OOR involving a Commonwealth agency, this Court's standard of review is *de novo* and our scope of review is broad or plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 467-68 (Pa. 2013).

[5] The amended regulations were published May 12, 2018, effective May 17, 2018. 48 Pa.B. 2767 (May 12, 2018). Relevant here, the regulation previously promulgated at 28 Pa. Code § 1141.35(c) has been deleted. Additionally, Section 1141.22(b) was amended to provide:

> The following information is considered confidential, is not subject to the Right-to-Know Law . . .
>
> . . .
> [t]he names and any other information relating to persons reviewing permit applications, including a reviewer's individual permit application reviews and notes.

48 Pa.B. 2771 (May 12, 2018); *see also* 28 Pa. Code § 1141.22(b)(11).

4

made retroactive. We agree with the Department that the amended regulations do not affect the disposition of this case for that reason.

> It is an undisputed rule of statutory construction that statutes, other than those affecting procedural matters, must be construed prospectively except where the legislative intent that they shall act retrospectively is so clear as to preclude all question as to the intention of the legislature. . . . This principle has been promulgated as law by our legislature in 1 Pa. C.S. § 1926, which provides:
>
> > No statute shall [be] construed to be retroactive unless clearly and manifestly so intended by the General Assembly.
>
> This rule has been applied to the regulations of administrative agencies.

*R & P Servs., Inc. v. Dep't of Revenue*, 541 A.2d 432, 434 (Pa. Cmwlth. 1988) (citations omitted). Here, the amended temporary regulations at issue do not affect procedural matters, and, as the Department points out, they were not made retroactive. Accordingly, in deciding this matter, we will apply the temporary regulations as they existed on the date of Requester's Request, and our decision will not apply or interpret the amended temporary regulations.

A principle underlying the RTKL is to allow citizens to scrutinize government activity and increase transparency. *SWB Yankees LLC v. Wintermantel*, 45 A.3d 1029, 1034, 1050 (Pa. 2012) (stating the RTKL "is remedial legislation designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions" (quoting *Bowling v. Office of Open Records*, 990 A.2d

5

813, 824 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2013))). To that end, the RTKL provides that records in the possession of an agency are presumed to be public. Section 305(a) of the RTKL, 65 P.S. § 67.305(a). That presumption does not apply, however, if: "(1) the record is exempt under Section 708; (2) the record is protected by a privilege; or (3) the record is exempt from disclosure under any other Federal or State law or regulation . . . ." 65 P.S. § 67.305(a). "Exemptions from disclosure must be narrowly construed due to the RTKL's remedial nature . . . ." *Office of Governor v. Scolforo*, 65 A.3d 1095, 1100 (Pa. Cmwlth. 2013). "An agency bears the burden of proving, by a preponderance of the evidence, that a record is exempt from disclosure under one of the enumerated exceptions."[6] *Brown v. Pa. Dep't of State*, 123 A.3d 801, 804 (Pa. Cmwlth. 2015); *see* Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1).

Here, the Department argues that the records are exempt under the Department's regulation at 28 Pa. Code § 1141.35(c), which prohibits disclosure of the names or any other information relating to persons reviewing applications, and under the personal security exemption in Section 708(b)(1)(ii) of the RTKL, 65 P.S. § 67.708(b)(1)(ii).

### 1. Whether the Records are Exempt from Disclosure under the Department's Regulations

The Department first argues that the information is exempt under its regulation, 28 Pa. Code § 1141.35(c), and that the OOR should have given deference to the Department's interpretation of its own regulation. The Department maintains that the plain language of its regulation prohibits disclosure. The Department further

---

[6] "A preponderance of the evidence standard, the lowest evidentiary standard, is tantamount to a more likely than not inquiry." *Delaware County v. Schaefer ex rel. Phila. Inquirer*, 45 A.3d 1149, 1156 (Pa. Cmwlth. 2012).

argues that the OOR erroneously concluded that the regulation only prohibits applicants who had been denied permits from obtaining the information, thereby unduly restricting the application of the regulation to those who have submitted an application. The Department also argues disclosure of the information would produce an absurd result because those who are prohibited from obtaining the information could simply have a third party obtain the information and then provide it to an applicant. The Department warns that such subterfuge is already being attempted and maintains that such machinations would eviscerate the purpose of the regulation and diminish the Department's ability to preserve the integrity of the scoring process by limiting improper outside influences. The Department further points out that Requester is a reporter for PennLive and therefore has the ability to publish the information, thereby making it available to all applicants, which is prohibited and which could jeopardize the integrity of the process. The Department points out that, as stated in Collins' Affidavit, it has not completed the permitting process and intends to use the same review panel for future permitting; therefore, the identities of the panel must remain confidential from future applicants. The Department maintains that if it is required to construct a second review panel, there would likely be delays in granting permits and, thus, getting medical marijuana into the hands of patients, which is inconsistent with the General Assembly's mandate for prompt implementation of the Act.

As stated, records of a government agency are presumed to be public and subject to disclosure. *See* 65 P.S. § 67.305(a). At the time of Requester's Request, both the Act and the Department's regulations contained provisions which provided that certain information is considered confidential and not subject to the RTKL. *See* Sections 302(a) and 701(c) of the Act, 35 P.S. §§ 10231.302(a) &

7

10231.701(c); 28 Pa. Code §§ 1131.6 & 1141.22(b) (2016).  However, none of those provisions makes information regarding application reviewers confidential and exempt from the RTKL.[7]

Nonetheless, the Department claims the information is exempt under its regulation at 28 Pa. Code § 1141.35(c), which at the relevant time provided, "[t]he applicant may not obtain the names or any other information relating to persons reviewing applications, including a reviewer's individual application reviews."  28 Pa. Code § 1141.35(c)(3) (2016).   At the time of Requester's Request, the Department's regulations defined applicant as "[a] person who wishes to submit or submits an application to the Department for a permit to operate as a grower/processor or dispensary, or both, under the act and this part."  28 Pa. Code § 1141.21.

The plain language of 28 Pa. Code § 1141.35(c) applies only to "applicants."  The Department has failed to establish that Requester "wishes to submit" or "submit[ted]" a permit application to the Department and, thus, falls within that definition.  Consequently, under the plain language of the regulation, Requester does not fall within the group to whom the information may not be released.[8]  Nonetheless, the Department points out that Requester is a reporter and speculates that he will publish the information to those applicants whose permit applications have been denied.  While we acknowledge the possibility that the Department's prediction might come to fruition, where the words of the regulation

---

[7] The temporary regulation concerning confidentiality has been amended to include reviewer information.  *See supra* note 5.  However, as stated, the amended temporary regulations do not apply to the matter *sub judice*.

[8] Thus, while we interpret this provision to apply to all applicants rather than only *denied* applicants, as the OOR stated, we agree with the OOR that Requester cannot be denied the records.

are plain, we may not disregard the letter of it under the pretext of pursuing its spirit. *See* Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(b); *Pa. Dep't of Corr./State Corr. Inst.-Somerset v. Workers' Comp. Appeal Bd. (Kirchner)*, 805 A.2d 633, 635 (Pa. Cmwlth. 2002) (stating rules of statutory construction apply to regulations as well as statutes). Moreover, had the Department intended to restrict those beyond "applicant[s]" from obtaining reviewer information, it could have explicitly said so.[9] To adopt the interpretation that the Department advocates here would require this Court to insert additional language into the regulation or otherwise rewrite the regulation. We may not do that. Further, because the Department's interpretation is inconsistent with the plain language of the regulation, we reject the Department's argument that its interpretation of its regulation is entitled to deference. *See Lancaster County v. Pa. Labor Relations Bd.*, 94 A.3d 979, 986 (Pa. 2014) (stating that an administrative agency's interpretation is to be given controlling weight unless it is inconsistent with the statute itself or the statute is unambiguous); *Seeton v. Pa. Game Comm'n*, 937 A.2d 1028, 1037 (Pa. 2007) (stating deference to an agency's interpretation of a statute never comes into play when the statute is clear and recognizing the dangers of deferring to interpretations developed in anticipation of litigation).

Additionally, even assuming for the sake of argument that the words of the regulation were not explicit, thereby making it appropriate for this Court to look beyond its language and consider factors such as the consequences of the OOR's

---

[9] For example, we note that elsewhere in its regulations, the Department employs the term "person" which is seemingly all encompassing. *See, e.g.*, 28 Pa. Code § 1141.23 (limiting number of permits issued to one person). The regulations define person as "[a] natural person, corporation, foundation, organization, business trust, estate, limited liability company, licensed corporation, trust, partnership, limited liability partnership, association or other form of legal business entity." 28 Pa. Code § 1141.21.

interpretation,[10] we agree with the OOR that its interpretation does not lead to an absurd result. The OOR acknowledged that if the public at large can obtain application reviewer information, a denied applicant could easily obtain that information through the use of a third party. Final Determination at 5. However, there is nothing in the record to establish that the release of the information would identify the specific panel member or members who reviewed the application and denied it. As such, there is no absurd result here that would compel this Court to interpret the Department's regulation differently.

Accordingly, we agree with the OOR that the Department did not carry its burden to establish that the records are exempt from disclosure under its regulation at 28 Pa. Code § 1141.35(c).

### 2. Whether the Records are Exempt from Disclosure under the Personal Security Exemption

Under the exemption known as the personal security exemption, the RTKL protects from disclosure "[a] record, the disclosure of which … would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual." 65 P.S. § 67.708(b)(1)(ii). "To establish this exception applies, an agency must show: (1) a 'reasonable likelihood' of (2) 'substantial and demonstrable risk' to a person's security." *Governor's Office of Admin. v. Purcell*, 35 A.3d 811, 820 (Pa. Cmwlth. 2011). A substantial and demonstrable risk means a risk that is real and apparent. *See id.* Additionally, the

---

[10] *See* Section 1921(c)(6) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(c)(6) (stating when the words of a statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other things, the consequences of a particular interpretation); *Kirchner*, 805 A.2d at 635 (applying statutory construction rules to regulations).

likelihood requires more than speculation. *See Purcell*, 35 A.3d at 820 (stating more than mere conjecture is needed).

In proceedings before the OOR, affidavits are an acceptable form of evidence, and statements contained in an affidavit can constitute sufficient evidence to sustain the agency's burden of proof. *See Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010). However, "[t]his Court consistently holds that speculation and conclusory statements in an affidavit do not show a reasonable likelihood of a threat to security." *Carey v. Pa. Dep't of Corr.*, 61 A.3d 376, 376 (Pa. Cmwlth. 2013); *see also Scolforo*, 65 A.3d at 1103 (holding conclusory affidavits are insufficient); *Delaware County v. Schaefer ex rel. Phila. Inquirer*, 45 A.3d 1149, 1158 (Pa. Cmwlth. 2012) (stating general, broad-sweeping conclusions are insufficient).

To sustain its burden that the record sought here is exempt, the Department offered only the affidavit of Collins. The OOR determined that this evidence was too conclusory and speculative and, therefore, did not support the claimed exemption. We agree.

In his affidavit, Collins stated that the privacy and confidentiality of the review panel must be maintained. Affidavit ¶ 2, R.R. at 31a-32a. He explained that because the Department has not yet completed the application permitting process and intends to use the same review panel to review future applications, the identity of the reviewers must be protected from future applicants. Affidavit ¶ 6, R.R. at 32a. He further stated that Requester requested the information in his capacity as a reporter for PennLive, and therefore, it is reasonable to infer that Requester intends to publish the names of review panel members. Affidavit ¶ 7, R.R. at 32a. Collins stated that protecting the identities of the review panel members is "imperative to

11

ensure the integrity of the program" and that "[a]llowing current and future applicants access to this information may expose the Review Panel to a plethora of issues including, but not limited to bribes, inducements, threats, harassment and undue influence." Affidavit ¶ 9, R.R. at 33a.

Collins' statement that disclosure of the information "*may* expose the Review Panel to a plethora of issues" is conjecture and simply too speculative. Additionally, the standard to establish the exemption is that the disclosure is "*reasonably likely* to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual[,]"[11] not that it *may* result in such. Consequently, the OOR did not err in concluding that Collins' Affidavit was too conclusory and speculative to support the claimed exemption.

Accordingly, for the foregoing reasons, we affirm the OOR's determination that the Department must provide all responsive records to Requester within 30 days.[12]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[11] *See* 65 P.S. § 67.708(b)(1)(ii) (emphasis added); *Purcell*, 35 A.3d at 820.

[12] The request date defines the universe of responsive documents, and the Department only has the duty to provide records existing on or before that date. *See Uniontown Newspapers, Inc. v. Pa. Dep't of Corr.*, 151 A.3d 1196, 1205 (Pa. Cmwlth. 2016). Records post-dating the Request are not responsive regardless of their relevance to the subject matter. *Id.* at 1204-05.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Department of Health,   :
                  Petitioner   :
                                :
          v.                  :
                                :
Wallace McKelvey and PennLive,   :    No. 1372 C.D. 2017
                Respondents   :

## O R D E R

AND NOW, this 27th day of September, 2018, the Final Determination of the Office of Open Records, dated August 31, 2017, is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge