PENNSYLVANIA DEPARTMENT OF CORRECTIONS/STATE CORRECTIONAL INSTITUTION–SOMERSET, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (KIRCHNER), Respondent.

Commonwealth Court of Pennsylvania.

Argued May 6, 2002.
Decided June 19, 2002.
Publication Ordered Aug. 23, 2002.

Margaret M. Hock, Pittsburgh, for petitioner.

Lawrence K. Chaban, Washington, for respondent.

Before: McGINLEY, Judge, and COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge McGINLEY.

The Pennsylvania Department of Corrections (Employer) petitions for review of the order of the Workers' Compensation Appeal Board (Board) that reversed the decision of the Workers' Compensation Judge (WCJ) finding Employer provided valid notice of the existence of a panel of physicians. Therefore, Karen Kirchner (Claimant) had a duty to treat with a panel physician.

On February 1, 1999, Claimant suffered a work-related injury in the course of her employment as a prison nurse with Employer. She reported the injury on February 2, 1999. A notice of compensation denial issued on February 17, 1999. Subsequently, Claimant filed a claim petition.

During the course of litigation, the parties entered into an agreement for compensation for disability or permanent injury, which resolved all issues except whether Claimant was entitled to medical benefits for ninety days following the work injury.

Claimant testified that on February 1, 1999, she injured her back while lifting charts. Notes of Testimony, July 29, 1999, (N.T. 7/29/99) at 13; Reproduced Record (R.R.) at 11a. The following morning she notified her supervisor. N.T. 7/29/99 at 17; R.R. at 14a. Claimant testified that she was aware that if she was injured on the job and it was work-related she was required to treat with a panel physician. Claimant's supervisor gave the list of panel physicians to her a few days after the incident report was filled out. N.T. 7/29/99 at 43; R.R. at 40a.

Nancy Campbell Rhodes (Ms. Rhodes), Claimant's supervisor, testified that Claimant had signed a form in 1996 acknowledging notification of the panel physicians, but was not given a notification form after she reported her February 1999, injury. Notes of Testimony, October 29, 1999, (N.T. 10/29/99) at 23; R.R. at 53a. A panel list was posted in the nurse's station and a list of panel physicians had been placed in employees' paychecks in 1997. N.T. 10/29/99 at 19–22; R.R. at 49a–52a.

The WCJ found Claimant credible noting that Claimant informed Employer of her injury by telephone on February 2, 1999, filed an incident report when she returned to work and received a list of panel physicians a few days after she filed the incident report. WCJ's Opinion, August 31, 1999, (WCJ Opinion) Finding of Fact No. 4 at 1.

The WCJ found Ms. Rhodes credible and concluded that Claimant was validly notified of the existence of a panel of physicians and therefore, had a duty to treat with a panel provider for the first ninety days if Employer accepted the injury. Once Employer decided Claimant did not suffer a work injury, Claimant did not have a duty to treat with a panel of physicians. Therefore, the WCJ found Employer was not liable for Claimant's treatment from February 2, 1999, through February 17, 1999, when the denial was executed. WCJ Opinion, Conclusions of Law Nos. 2, 3 at 4.

The Board reversed the WCJ's decision, in part, finding that since Employer failed to provide written notification of Claimant's rights and duties after Claimant's injury, Employer remained responsible for payment of Claimant's medical expenses for the fifteen day period in question.

On appeal[1] Employer contends substantial evidence supports the WCJ's

1.  This Court's review is limited to a determination of whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Compensation Appeal*

finding that Employer provided notice to Claimant after the injury. Employer provided evidence of Claimant's written acknowledgment of her rights and duties regarding medical care and Claimant testified that she had been informed of and understood her rights and duties. Accordingly, Employer met the duties imposed under Section 306(f.1)(1)(i) of the Workers' Compensation Act[2] (the Act), 77 P.S. § 531($l$)(i). Employer argues the rules and regulations do not require a second acknowledgement of notice. Moreover, Employer contends a second notice exceeds the requirements of the Act. So, the question of a second notice is twofold: "if" and "when."

Based on our review, this Court finds that Section 306(f.1)($l$)(i) of the Act read *in pari materia* with the Workers' Compensation Medical Cost Containment Regulations (Regulations), 34 Pa.Code § 127.755(c), requires Employer to provide written notification and acknowledgment of employee's rights and duties at two separate times. Once when the employee is hired and once either immediately or as soon as practicable after an employee is injured.

█ Statutes or parts of statutes are *in pari materia* when they relate to the "same persons or things ..." 1 Pa.C.S. § 1932(a). "Statutes *in pari materia* shall be construed together, if possible, as one statute." 1 Pa.C.S. § 1932(b). Rules of statutory construction apply to regulations as well as statutes. *Pennsylvania State Police v. Benny Enterprises, Inc.,* 669 A.2d 1018, 1021 (Pa.Cmwlth.1995), *appeal denied,* 545 Pa. 672, 681 A.2d 1344 (1996).

In this instance, Section 306(f.1)(1)(i) of the Act provides:

*Board (Penn Installation),* 139 Pa.Cmwlth. 15, 589 A.2d 291 (1991).

... It shall be the duty of the employer to provide a clearly written notification of the employe's rights and duties under this section to the employe. The employer shall further ensure that the employe has been informed and that he understands these rights and duties. This duty shall be evidenced *only* by the employe's written acknowledgment of having been informed and having understood his rights and duties. (emphasis added).

77 P.S. § 531($l$)(i).

The Act does not specifically require additional notice or acknowledgment. However, the Regulations require additional notice. The Regulations state, "If a list of designated providers is established, the employer shall provide a clearly written notice to an injured employe of the employe's rights and duties under section 306(f.1)($l$)(i) of the act ...." 34 Pa.Code § 127.755(a). Section 127.755(c) provides for notice at the time of hire and at the time of injury:

The written notice to an employee of the employee's rights and duties under this section shall be provided *at the time the employe is hired and immediately after the injury, or as soon thereafter as possible under the circumstances of the injury.* If the employee's injuries are so severe that emergency care is required, notice of the employee's rights and duties shall be given as soon after the occurrence of the injury as is practicable. (emphasis added).

34 Pa.Code § 127.755(c).

The Regulations provide that an employer must obtain written verification when the employee is informed of the employee's rights and duties:

**2.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531($l$)(i).

The employer's duty under subsection (a) shall be evidenced by the employe's written acknowledgment of having been informed of and having understood the notice of the employe's rights and duties. Any failure of the employer to provide and evidence the notification relieves the employe from any duties specified in the notice, and the employer remains liable for all treatment rendered to the employe. However, an employe may not refuse to sign an acknowledgment to avoid duties specified in the notice.

34 Pa.Code § 127.755(d).

■ "A regulation is binding on a reviewing court if it conforms to the grant of an exercise of delegated power, is issued in accordance with proper procedures, and is reasonable." *Central Dauphin School District v. Commonwealth of Pennsylvania Department of Education*, 147 Pa. Cmwlth. 426, 608 A.2d 576, 581 (1992).

Section 435 of the Act grants the department [Department of Labor and Industry] authority to "promulgate new rules and regulations consistent with the act" including "provid[ing] the disabled employe or his dependents with timely notice and information of his or their rights under this act." 77 P.S. § 991(a)(iv).

Sections 127.755(a) and (c) of the Regulations unequivocally require written notice prior to the time of injury and again at the time of injury or as soon after as possible, a diligent attempt to enforce the mandate of Section 306(f.1)(*l*)(i) of the Act. 34 Pa.Code § 127.755(a), (c).

Then, Section 127.755(d) requires written acknowledgement of notice. If this is not provided, the employee is relieved of his duty to use the panel physician. This requirement properly tracks the requirement of Section 306 that proper notice may only be evidenced by an employe's written acknowledgement. Undeniably, this regulation reasonably provides a clear and certain method for an employer to prove it met its obligation to provide written notification of the panel physicians.

■ "[I]n ascertaining the legislative intent of a statutory provision, the practical results of a particular interpretation may be considered." *Pa. State Police*, 669 A.2d at 1021. In this instance, the requirement of notice and acknowledgment at the time of injury is logical since years could pass between the time of hire and the time of injury. Administratively, it is practical because it makes sense to require that Employer's duty under the Act and Regulations be evidenced by a written acknowledgment. Anything less leads to uncertainty and the necessity for fact finding.

Here, the Board properly found that Employer failed to obtain written acknowledgment from the Claimant *after* the injury in question based on Regulations. Claimant was free to treat with any doctor and Employer is liable for payment.

Accordingly, we affirm.

### ORDER

AND NOW, this 19th day of June, 2002, the decision of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.