# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eddy Jeantel,                                      :
                  Petitioner          :
                           :
          v.                           :     No. 76 C.D. 2022
                           :     Submitted:  December 9, 2022
Success America (Workers'                          :
Compensation Appeal Board),                        :
                 Respondent          :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE STACY WALLACE, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**         **FILED:  September 12, 2023**

     Eddy Jeantel (Claimant) petitions for review of the January 5, 2022 Order of the Workers' Compensation Appeal Board (Board) that, in relevant part, affirmed a Workers' Compensation Judge's (WCJ) denial of Claimant's request for penalties against Success America (Employer).[1]  Although the WCJ held, and the Board affirmed, that Employer committed a technical violation of the Workers' Compensation Act[2] (Act), the Board found no abuse of discretion in the WCJ's denial of penalties under the circumstances in this case.  On appeal, Claimant argues the failure to impose penalties harms the workers' compensation (WC) system and defeats the Act's intention of ensuring employer compliance through the imposition

---

[1] The WCJ also denied Claimant's claim petition, but Claimant did not appeal that denial to the Board, and, therefore, it is not at issue in this appeal.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

of penalties and, therefore, was an abuse of discretion. Upon thorough review, we affirm.

## I.   BACKGROUND

Claimant, while driving a bus for Employer, sustained work-related injuries on August 1, 2019, when he became "involved in a physical altercation with an unruly student." (WCJ Decision at 1.) Employer issued a medical-only notice of temporary compensation payable on August 15, 2019, which converted by law into a medical-only notice of compensation payable. (WCJ Decision, Finding of Fact (FOF) ¶ 1.) When Claimant reported his injuries to Employer's owner (Owner), Owner did not provide Claimant with a list of Employer's panel physicians or indicate that Claimant had a choice of panel physicians, but made an appointment for Claimant to be seen by a particular panel provider, WorkNet. (*Id.* ¶¶ 6d & n.1, 6i, 6j, 19g, 19m, 19n.) Claimant obtained treatment from WorkNet from August 2, 2019, through October 2, 2019. (*Id.* ¶ 3b, 3d.) On September 20, 2019, the physicians at WorkNet ordered an electromyogram (EMG), but Claimant indicated at his October 2, 2019 appointment that he did not feel the study was needed, given the significant improvement in his symptoms in his legs. (*Id.* ¶ 14k, 14l.)

Claimant's WorkNet records reflect he subsequently requested an EMG on November 22, 2019, after his WC claim had been closed, and that, per Owner, Claimant was "not to be seen until [Employer got the] OK from work comp insurance." (*Id.* ¶ 14m.) In an email exchange between Owner and a WC insurance adjuster (Adjuster) dated November 22, 2019, Owner asked Adjuster how to proceed with Claimant's EMG request. (Ex. C-1 at 3, Reproduced Record (R.R.) at 37a.) Adjuster responded that Claimant's "claim has already been closed and since he was released from care 10/2/2019, [Adjuster] really d[id]n't think [the WC Insurer] will

2

reopen it again," and Owner replied "[t]hat's fine with [him]. [He's] not going to say anything to [Claimant]. WorkNet won't do anything without [Owner's] okay." (Ex. C-1 at 2, R.R. at 36a.) Owner did not recall discussing Claimant's leg pain or the November 2019 EMG request with WorkNet directly and explained his email meant it was up to Employer's WC insurer to determine whether to pay for the study. (FOF ¶ 19n, 19o.) Owner did recall that an EMG had been recommended prior to Claimant's discharge from treatment, but that Claimant would not undergo the study.[3] (*Id.* ¶ 19n.) Owner denied having a "special relationship" with WorkNet or trying to control WorkNet's treatment of Claimant. (*Id.* ¶ 19m.)

Claimant continued to have low back pain, and he sought treatment from his own providers. (*Id.* ¶¶ 6f-g, 7.) Those providers indicated Claimant was disabled from his pre-injury position from August 1, 2019, through March 15, 2020. (*Id.* ¶ 10.) One of these providers, Ghassem Kalani, M.D., performed an EMG on Claimant's lower extremities on February 4, 2020. (*Id.* ¶ 9j.) Claimant submitted those medical records and bills to the WCJ. (*Id.* ¶¶ 8-9.)

During a hearing on a claim petition filed by Claimant, which was ultimately denied, Claimant sought the imposition of penalties due to Employer's failure to provide him a list of panel physicians at the time of injury as required by the Act. (*Id.* ¶ 6d n.1; Hr'g Tr., Jan. 1, 2021 (Jan. 2021 Hr'g Tr.), at 18, 35-36, Certified Record (C.R.) Item 15.) Employer acknowledged nothing in the record showed that Claimant signed anything indicating that he received notice of Employer's panel physicians or his rights under the Act. (Jan. 2021 Hr'g Tr. at 19.) Claimant also

---

[3] Claimant last worked for Employer on January 8, 2020. Claimant did not report to work as scheduled on January 9 and 10, 2020, at which time Employer considered him "no call/no show," and he was removed from the schedule. (FOF ¶ 19i, 19j.)

asserted Employer conspired with its insurer to deny the November EMG request in violation of the Act.  (FOF ¶ 22h.)

The WCJ made the following findings regarding Claimant's request for penalties:

g.  This [WCJ] finds the unrebutted testimony of [Owner] to be credible that [] Employer provided [] Claimant with written notice of his rights and duties at the time of hire and posted a panel provider list.  However, [] Employer engaged in a technical violation of Bureau [of Workers' Compensation (Bureau)] Regulation 127.75[5, 34 Pa. Code § 127.755,] by failing to provide [] Claimant with written notice of his rights and duties immediately after the work injury.  Nonetheless, this [WCJ] finds that said violation does not warrant an award of penalties, since [] Employer referred [] Claimant to a provider on the panel list; there was no evidence of record that [] Claimant's treatment was delayed or denied; [] Claimant chose to also treat with his own providers after the work incident; and [] Employer's failure to provide the appropriate notice to [] Claimant necessarily relieves [] Claimant of his duties specified in the notice, and [] Employer remains liable for all treatment rendered to [] Claimant due to its failure to provide said written notice.

h.  [] Claimant alleges that [] Employer engaged in a conspiracy to deny diagnostic studies to [] Claimant, studies which were recommended by WorkNet, in violation of the . . . Act.  In this regard, this [WCJ] finds that she does not have jurisdiction over matters of alleged insurance fraud, criminal matters or other alleged malfeasance.  That being said, this [WCJ] notes that [] Claimant did not provide any testimony regarding an alleged inability to obtain medical care after the work incident.  Additionally, the WorkNet medical records support admissions by [] Claimant that he did not attempt to schedule an EMG in September 2019 as requested by WorkNet, ostensibly due to contact being made by the medical facility during work hours, and then by October 2, 2019, [] Claimant no longer desired said testing and did not continue to have leg complaints.  [] Claimant provided no testimony concerning a request for EMG testing in November 2019[,] and subsequently treated with Dr. Kalani in January 2020[,] who did not recommend the testing until February 2020, which [] Claimant did undergo at that time.[4]  Dr. Kalani provided no representations that the results of the EMG testing were related to the August 1, 2019 work

4

incident. Based on the foregoing, this [WCJ] finds no violation of the
. . . Act.

> FN4 [] Claimant has not alleged that [] Employer has failed
> and/or refused to pay for [] Claimant's causally[-]related
> and reasonable and necessary medical treatment related to
> the August 1, 2019 work incident.

(FOF ¶ 22g, 22h.) In making these findings, the WCJ credited Owner's testimony that he did not determine what treatment WorkNet provided and did not interfere in that patient/physician relationship. (*Id.* ¶¶ 19m, 19n, 19o, 22f.) For these reasons, the WCJ denied Claimant's request for penalties, but ordered Employer to "continue to assume responsibility for all medical bills incurred to evaluate and treat [] Claimant's August 1, 2019 work injuries . . . through and including March 14, 2020." (WCJ Decision, Order.)

Claimant appealed to the Board, arguing the WCJ committed an error of law and abused her discretion by not imposing substantial penalties. (Claimant's Appeal at 1, R.R. at 13a.) According to Claimant, Owner's admitted "special relationship" with WorkNet, in which WorkNet would not do anything without Owner's approval, was a "pollution of the system" that "is unacceptable and worthy of the severest of penalties." (*Id.*) On its review, the Board affirmed the WCJ's Decision, finding no error or abuse of discretion in not imposing penalties. Claimant now petitions this Court for review.[4]

---

[4] This Court's scope of review "is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007).

## II.   PARTIES' ARGUMENTS

Claimant argues the WCJ abused her discretion in not imposing penalties because Employer's violation of the Act was not a technical one, but "a gross violation warranting the severest of penalties." (Claimant's Br. at 7.) Claimant acknowledges that the award of penalties is the subject of the WCJ's discretion; however, such "discretion is not without bounds." (*Id.* at 8.) In this matter, Claimant contends, Employer's violation of the Act by failing to give him a list of panel physicians was "enhanced by [] [E]mployer's mandating by whom [C]laimant shall be treated," which was a provider that would not "do anything without [Owner's] okay." (*Id.* at 9 (quoting R.R. at 36a).) That he may not have been "harm[ed]" is not the point, Claimant asserts, because the greater injury is the Board's "ignoring the chief purpose behind [Section 435 of the Act,] 77 P.S. § 991[,[5]] which is to obviate bad conduct on the part of employers and their carriers." (*Id.* at 10.)

Employer responds the violation here, its failure to provide Claimant notice at the time of injury of the available panel providers from which Claimant could choose, was a technical violation that did not warrant the imposition of a penalty. (Employer's Br. at 8.) Contrary to Claimant's arguments, Employer maintains, the WCJ offered "objective and appropriate reasons" to support the decision not to impose penalties, including the lack of testimony that Claimant was unable to obtain care or testing at any time, which does not reflect harm on the WC system. (*Id.* at 9.) Employer asserts the record does not contain evidence of bias or ill that would support a finding of an abuse of discretion and, therefore, the Board's Order should be affirmed. (*Id.*)

---

[5] Section 435 was added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*.

## III.  DISCUSSION

At issue in this matter is the denial of Claimant's request for penalties based on Employer's violation of the Act.  Section 435(d)(i) addresses the imposition of penalties and states:

> The [D]epartment [of Labor and Industry], the [B]oard, or any court which may hear any proceedings brought under this [A]ct shall have the power to impose penalties as provided herein for violations of the provisions of this [A]ct or such rules and regulations or rules of procedure:
>
> (i)  Employers and insurers **may** be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays.  Such penalty shall be payable to the same persons to whom the compensation is payable.

77 P.S. § 991(d)(i) (emphasis added).

The burden of proving a violation of the Act or regulations is on the claimant. *Shuster v. Workers' Comp. Appeal Bd. (Pa. Hum. Rels. Comm'n)*, 745 A.2d 1282, 1288 (Pa. Cmwlth. 2000).  Penalties may be imposed "to assure compliance with the Act." *Allegis Gr. & Broadspire v. Workers' Comp. Appeal Bd. (Coughenaur)*, 7 A.3d 325, 328 (Pa. Cmwlth. 2010).  However, even where a violation is apparent on the record, "the imposition of a penalty is at the discretion of the WCJ and is not required." *Candito v. Workers' Comp. Appeal Bd. (City of Philadelphia)*, 785 A.2d 1106, 1108 (Pa. Cmwlth. 2001).  "Because the assessment of penalties, as well as the amount of penalties imposed is discretionary, we will not overturn a [decision on a penalty] absent an abuse of discretion by the WCJ." *Id.*  "[A]n abuse of discretion occurs where the WC[J]'s judgment is manifestly unreasonable, where

7

the law is not applied[,] or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Allegheny Power Serv. Corp. v. Workers' Comp. Appeal Bd. (Cockroft)*, 954 A.2d 692, 698 n.8 (Pa. Cmwlth. 2008).

Section 306(f.1)(1)(i) of the Act sets forth employers' obligations to pay for reasonable medical services and to give notice to claimants of their rights under the Act. That section states, in pertinent part:

> The employer shall provide payment in accordance with this section for reasonable . . . medical services, services rendered by physicians or other health care providers. . . , as and when needed. **Provided an employer establishes a list of at least six designated health care providers**, no more than four of whom may be a coordinated care organization and no fewer than three of whom shall be physicians, **the employe shall be required to visit one of the physicians or other health care providers so designated** and shall continue to visit the same or another designated physician or health care provider for a period of ninety (90) days from the date of the first visit: Provided, however, That the employer shall not include on the list a physician or other health care provider who is employed, owned or controlled by the employer or the employer's insurer unless employment, ownership or control is disclosed on the list. . . . . **It shall be the duty of the employer to provide a clearly written notification of the employe's rights and duties under this section to the employe.** The employer shall further ensure that the employe has been informed and that he understands these rights and duties. This duty shall be evidenced only by the employe's written acknowledgment of having been informed and having understood his rights and duties. **Any failure of the employer to provide and evidence such notification shall relieve the employe from any notification duty owed, notwithstanding any provision of this act to the contrary, and the employer shall remain liable for all rendered treatment**.

77 P.S. § 531(1)(i) (emphasis added). Section 127.755(c) of the regulations similarly requires that "written notice . . . of the employee's rights and duties . . . shall be provided at the time the employee is hired and immediately after the injury, or as

8

soon thereafter as possible under the circumstances of the injury." 34 Pa. Code § 127.755(c).

Reading these provisions together, employers are required "to provide written notification and acknowledgment of employee's rights and duties at two separate times," when hired and when the employee is injured. *Pa. Dep't of Corr./State Corr. Inst. Somerset v. Workers' Comp. Appeal Bd. (Kirchner)*, 805 A.2d 633, 635 (Pa. Cmwlth. 2002). If an employer has a list of designated panel providers, that list is to be provided to the claimant as well. 34 Pa. Code § 127.755(a), (d). If such notice is not provided to the employee at the time of the injury, "the employee is relieved of his duty to use the panel physician," and the employer "'remains liable for all treatment rendered to the employee." *Kirchner*, 805 A.2d at 636 (quoting 34 Pa. Code § 127.255(d)).

Here, it is undisputed that Owner did not provide Claimant with a list of panel physicians or notice of his rights, as required by the Act, but made an appointment for Claimant with WorkNet, which was one of the providers on the panel list. This, as the WCJ found and the Board affirmed, was a violation of the Act and Section 127.755 of the regulations. However, this does not mean that the imposition of a penalty was required. *Candito*, 785 A.2d at 1108. The effect of Employer's failure to provide the requisite notice was that it was liable for all of the medical treatment received for the work injury, which is the relief the WCJ granted. Such relief is consistent with Section 306(f.1)(1)(i) and the regulations. Further, as the WCJ explained, Claimant did not testify that he was unable to obtain treatment or care after the work injury and, in fact, sought and obtained treatment from his own providers, for which Employer was liable. (FOF ¶ 22g.) Under these circumstances, we discern no evidence of ill will or bias in the WCJ not imposing penalties for this

9

technical violation of the Act, as she gave objective reasons for her decision, and, therefore, there was no abuse of discretion in not imposing penalties.

Claimant also asserts penalties should have been imposed because Employer, through Owner, interfered with Claimant's medical treatment by conspiring with Employer's WC insurer to deny Claimant requests for diagnostic testing. However, the WCJ did not find a violation of the Act based on this alleged conduct, and the Board affirmed. The Board held

> the evidence found credible by the WCJ does not support the contention that [Employer] somehow interfered with Claimant's ability to obtain an EMG, which appears to be the gist of the claim. [The WCJ] accepted [Owner's] testimony and he indicated that [Employer] does not determine what WorkNet does and that he did not interfere in any patient/physician relationship. Claimant offered no testimony that he was denied work-related [injury] care. While penalties may be assessed where the employer fails to pay compensation when due, *Varkey v. [Workers' Compensation Appeal Board] (Cardone Indus.)*, 827 A.2d 1267 (Pa. Cmwlth. 2003), Claimant did not establish a violation in this respect.

(Board Opinion at 7-8.) We agree with the Board's rationale. Issues of credibility are solely for the WCJ as finder of fact, *IDI Logistics, Inc. v. Clayton (Workers' Comp. Appeal Bd.)*, 284 A.3d 248, 254 n.1 (Pa. Cmwlth. 2022), and, in this case, the WCJ credited Owner's testimony that he did not interfere with WorkNet's treatment of Claimant. Although Claimant introduced evidence he believed established otherwise, the WCJ, acting within her authority as factfinder, gave more weight to Owner's testimony. In addition to crediting Owner's testimony, the WCJ found no violation of the Act because: Claimant did not present evidence that he was unable to obtain treatment or his treatment was delayed; it was Claimant who did not schedule the initial EMG because he no longer had leg complaints and did not desire to have the study performed; Claimant did not testify about requesting an EMG in

10

November 2019; and an EMG was subsequently performed in February 2020, although Dr. Kalani did not specifically relate the study to the August 2019 work injury. (FOF ¶ 22h.) Because Claimant did not establish a violation of the Act on this basis, as was his burden, *Shuster*, 745 A.2d at 1288, there was no abuse of discretion in not imposing penalties.

## IV. CONCLUSION

For the foregoing reasons, the Board did not err in upholding the WCJ's Decision denying Claimant's request for penalties. Accordingly, we affirm the Board's Order.

_____
**RENÉE COHN JUBELIRER,** President Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eddy Jeantel,                              :
                    Petitioner            :
                                          :
            v.                            :    No. 76 C.D. 2022
                                          :
Success America (Workers'                 :
Compensation Appeal Board),               :
                    Respondent            :

# **O R D E R**

    **NOW**, September 12, 2023, the Order of the Workers' Compensation Appeal Board, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge